UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY WILLIAMS,<br><br>Petitioner,<br><br>vs.<br><br>HERIBERTO H. TELLEZ,<br><br>Respondent. | 4:18-CV-04167-RAL<br><br>OPINION AND ORDER<br>GRANTING RESPONDENT'S<br>MOTION TO DISMISS |

Petitioner Jeffery Williams (Williams) filed a pro se petition under 28 U.S.C. § 2241 for a writ of habeas corpus alleging that the Bureau of Prisons (BOP) improperly denied his request for placement in a residential reentry center (RRC) near Chicago, Illinois. Doc. 1. Respondent Heriberto H. Tellez (Tellez), Warden of the Federal Prison Camp in Yankton, South Dakota, filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Doc. 17. Williams opposed the motion to dismiss. Doc. 24. For the reasons explained below, the Government's motion to dismiss is granted.

I.  **Background**

Williams was convicted of Wire Fraud, in violation of 18 U.S.C. § 1343, and Identity Theft, in violation of 18 U.S.C. § 1028(a)(1), in the United States District Court for the Northern District of Illinois. Doc. 16 at ¶ 4. He was sentenced to 48 months in prison followed by a four-year term of supervision. Doc. 16 at ¶ 4. As of December 18, 2018, Williams had a projected release date

1

of December 21, 2019,[1] reduced pursuant to 18 U.S.C. § 3621(e) for successful completion of the Bureau of Prison's Residential Drug Abuse Program. Doc. 16 at ¶ 4; Doc. 16-2 at 1.

On December 10, 2018, Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Williams alleges that BOP did not provide a thorough, individualized review of his request for placement in a RRC in or near Chicago, Illinois. Doc. 1. Under the "Request for Relief" section of his petition, Williams states, "I respectfully ask this court to direct the BOP to immediately transfer me to Chicago's RRC for the remainder of my sentence. This would lower my risk of recidivism and provide me with the opportunity [to] reestablish a relationship with my family, build a support system, reestablish community support and live a productive life." Doc. 1 at 8. Williams therefore moves this Court to enter an order directing the BOP to transfer him to a RRC in or near Chicago to serve the remainder of his sentence. Doc. 1 at 8.

Tellez filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Doc. 14. Williams responded, Doc. 18, Tellez replied, Doc. 19, and Williams then filed another response, Doc. 21.

This Court takes judicial notice pursuant to Federal Rule of Evidence 201 that Williams is no longer in custody of the Federal Prison Camp in Yankton and likely on June 25, 2019, Williams was transferred to the residential reentry center. Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 25, 2019). As of February 12, 2019, Tellez asserted that Williams's RRC placement date was June 25, 2019 with a release date of December 21, 2019. As of May 17, 2019, Williams was in custody at the Federal Prison Camp in Yankton.

---

[1] According to the federal BOP website as of the date of this opinion, Williams's release date is listed as November 19, 2019, instead of December 21, 2019. Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 30, 2019); Doc. 16-2 at 1.

2

See Doc. 22 at 2 (listing Williams return address as the Federal Prison Camp in Yankton). As of July 25, 2019, Williams's listed BOP location is the Chicago Residential Reentry Management field office. Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 30, 2019).

## II. Legal Standards

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, a federal court has jurisdiction to adjudicate a § 2241 petition as long as two requirements are met: (1) the petitioner is "in custody," and (2) the custody violates "the Constitution or laws or treaties of the United States." See Maleng v. Cook, 490 U.S. 488, 490 (1989); see 28 U.S.C. § 2241(c)(3). A prisoner may challenge the execution of his sentence through a § 2241 petition filed in the district where he is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

A habeas corpus petitioner must be in custody to be eligible for relief under § 2241, and a petitioner must satisfy the "in custody" requirement as of the date on which his petition was filed. Maleng, 490 U.S. at 490–91. However, the constitutionally-based case-or-controversy requirement is different from the statutory "in custody" requirement and, unlike the "in custody" requirement, the case-or-controversy requirement must be satisfied throughout the litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). A habeas petition can become moot while it is pending, even though the petitioner has satisfied the "in custody" requirement by being incarcerated at the time that he filed the petition. Id. The petitioner must have a personal stake in the outcome of this Court's decisions. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990).

Article III of the Constitution requires that federal courts limit jurisdiction to "actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000); see U.S. Const, art. III, § 2, cl. 1. No ongoing case or controversy exists when a habeas petitioner achieves the result sought in his petition because, at that point, his "change in circumstances has 'forestalled any occasion for meaningful relief.'" Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (quotation omitted). Once a proceeding ceases to present a live case or controversy, the Court must dismiss the action for lack of jurisdiction. Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005). Article III mootness implicates the subject-matter jurisdiction of the Court. "If an issue is moot in the Article III sense, [the Court has] no discretion and must dismiss the action for lack of jurisdiction." Id.

Here, Williams is challenging the decision of the BOP to postpone his transfer to an RRC facility, however, since filing his habeas petition, he was, in fact, transferred from the Federal Prison Camp in Yankton to a RRC in Chicago. This conclusion is supported by a review of the federal BOP's online inmate locator system. Williams is now no longer in custody of Tellez, and he achieved his relief sought by being transferred to a RRC in Chicago, so his petition is moot and is dismissed. Having already been released from the Federal Prison Camp in Yankton and transferred to a RRC facility, there is no longer any "concrete and continuing injury" from the BOP's denial of prerelease placement that can be "redressed by a favorable judicial decision." See Spencer, 523 U.S. at 7; Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (plaintiffs' case was moot because they had been transferred out of the place where they argued their constitutional rights were violated); Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 835 (8th Cir. 2009) (plaintiff's claims were rendered moot when he was no longer incarcerated at the place which had "the conditions of which he complains"); Demis v. Sniezak, 558 F.3d 508, 513 (6th Cir. 2009) (a

4

prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot); Buckles v. Wilson, No. 14-648, 2014 WL 5438495, at *3–4 (D. Minn. Oct. 22, 2014) (a habeas petition seeking immediate placement in an RRC was moot in light of the petitioner's intervening placement at an RRC and later release from custody, which left "nothing for the Court to grant by way of relief, even if it determined that [his] claims had merit").

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that Respondent's Motion to Dismiss, Doc. 14, is granted. It is further

ORDERED that the Petitioner's Motion for Clarification and Response, Doc. 22, is denied as moot.

DATED this 31st day of July, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE